**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER JONES,          )<br>                             )<br>       Plaintiff,            )<br>                             )<br>vs.                          )<br>                             )<br>GENERAL MOTORS CORP., a Delaware)<br>Corporation; GREATER GLENDALE)<br>AUTOMOTIVE LLC, dba J.D.)<br>BYRIDER, an Arizona Limited Liability)<br>Company; DOES 1-100, inclusive, )<br>                             )<br>       Defendants.           )<br>                             )<br>_____) | No. CV-08-2099-PHX-GMS<br><br>**ORDER** |

In this action, Plaintiff sues both the manufacturer and the automobile dealer that sold him a truck that Plaintiff asserts is defective. Plaintiff makes claims for breach of express warranties, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and negligent repair. (Dkt. # 6.) To secure federal jurisdiction, Plaintiff has invoked 15 U.S.C. § 2310(d) (1998), the Magnuson-Moss Warranty Act ("MMWA").[1]

However, the Court is uncertain of whether it has original jurisdiction under the MMWA. The Court has an obligation to inquire into its jurisdiction, even if no party has

---

[1] Plaintiff does not invoke diversity jurisdiction. (*See* Dkt. # 6 at 1.)

1 raised the issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The party seeking to
2 invoke the Court's jurisdiction, in this case Plaintiff, bears the burden of establishing that
3 jurisdiction is proper. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189
4 (1936). "The rule governing dismissal for want of jurisdiction in cases brought in the federal
5 court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls
6 if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*,
7 303 U.S. 283, 288 (1938). "[I]f, from the face of the pleadings, it is apparent, to a legal
8 certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed."
9 *Id.* at 289.

10 Prospective plaintiffs may bring an MMWA suit in either state or federal court. 15
11 U.S.C. § 2310(d)(1)(A)-(B). However, "[n]o claim shall be cognizable in a suit brought [in
12 federal court] if the amount in controversy is less than the sum or value of $50,000 (exclusive
13 of interests and costs) computed on the basis of all claims to be determined in this suit[.]"
14 *Id.* § 2310(d)(3)(B). "To preserve Congress's distinction between claims allowed in state
15 court and those allowed in federal court, the 'all claims' language of 15 U.S.C. § 2310(d)(3)
16 must be construed to mean all Magnuson-Moss Act claims, not all federal and state claims."
17 *Poindexter v. Morse Chevrolet, Inc.*, 270 F. Supp. 2d 1286, 1292 (D. Kan. 2003) (citing
18 *Donahue v. Bill Page Toyota*, 164 F. Supp. 2d 778, 782 (E.D. Va. 2001)).

19 Here, Plaintiff has alleged actual damages of $17,458.40 and punitive damages of
20 $1,000,000. (Dkt. # 6 at 8.) Plaintiff has also sought unspecified consequential and
21 incidental damages, as well as costs and attorneys' fees. (*Id.*) Plaintiff's claim for actual
22 damages would not, in and of itself, meet the $50,000 requirement for federal jurisdiction.
23 Plaintiff's allegation of consequential and incidental damages, being unspecified and not
24 determinable by any evidence currently in the record, would also not put Plaintiff's claim
25 over the $50,000 bar. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004)
26 ("Valdez's state court complaint falls short of even seeking the [$75,000] threshold amount
27 [for diversity jurisdiction]. The only discrete sum requested is general damages in excess of
28 $50,000.00; the complaint does not attach a dollar figure to Valdez's remaining prayers for

1  relief.") (internal quotation and ellipsis omitted).  Likewise, Plaintiff's claim for attorneys'
2  fees and costs may not be included in the damage computation for purposes of 15 U.S.C.
3  § 2310(d)(3)(B).  *Ansari v. Bella Auto. Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998);
4  *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Saval v. BL Ltd.*, 710
5  F.2d 1027, 1032 (4th Cir. 1983).

6        Thus, Plaintiff must rely on his claim for punitive damages to meet the requirement
7  for federal jurisdiction.  "The initial area of inquiry requires an examination of the governing
8  law to determine whether punitive damages are recoverable for breach of warranty." *Novosel*
9  *v. Northway Motor Car Corp.*, 460 F. Supp. 541, 545 (N.D.N.Y. 1978).  The Ninth Circuit
10 has held that there is no claim for punitive damages under the MMWA itself.  *Kelly v.*
11 *Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004).  Thus, Plaintiff's punitive
12 damage claim must derive from his state breach of warranty claims.[2]  *See id.* ("State law
13 generally guides courts in determining whether punitive damages are available as a remedy
14 for breach of warranty under the [MMWA]."); *Boyd v. Homes of Legend, Inc.*, 188 F.3d
15 1294, 1298 (11th Cir. 1999) (holding that a court must look to state law, and not federal law,
16 in determining whether punitive damages are available under the MMWA); *Boelens*, 748
17 F.2d at 1069 ("Punitive damages are recoverable under the MMWA for breach of warranty
18 only if they may be recovered in a breach of warranty action brought under the governing
19 state law."); *Novosel*, 460 F. Supp. at 545 ("[T]he applicable law for purposes of the proper
20 measure of damages under [the MMWA] may be found by reference to [state] law.").

---

[2]As a pendent state law claim, the negligent repair claim cannot provide a foundation for punitive damages that may be included in the MMWA damage calculation. *Boelens*, 748 F.2d at 1071 ("Although the plaintiffs have also pleaded an independent cause of action in tort – for which punitive damages are cognizable under Texas law – that cause of action is a pendent state law claim and cannot be used to confer jurisdiction."); *Ansari*, 145 F.3d at 1272 ("We are also [in] agreement with the Fifth Circuit that the amount in controversy for purposes of [the MMWA] does not include damages flowing from any pendent state law claim brought by a plaintiff.").

1    In Arizona, the law of which forms the basis of Plaintiff's non-federal claims, punitive
2 damages are not ordinarily available as a remedy in breach of warranty actions because such
3 actions are contract claims. *Richards v. Powercraft Homes, Inc.*, 139 Ariz. 264, 266, 678
4 P.2d 449, 451 (Ct. App. 1983) ("[P]unitive damages are no more available for a breach of
5 an implied warranty as they are for any other breach of contract."), *aff'd in relevant part*, 139
6 Ariz. 242, 244, 678 P.2d 427, 429 (1984); *see also Rosell v. Silver Crest Enters.*, 7 Ariz.
7 App. 137, 139, 436 P.2d 915, 917 (Ct. App. 1968) ("An implied [warranty] is [as] much a
8 part of a contract as a written one and is subject to the same penalties for breach.");
9 *Continental Nat'l Bank v. Evans*, 107 Ariz. 378, 382, 489 P.2d 15, 19 (1971) (holding that
10 punitive damages cannot be awarded for breach of contract). Rather, punitive damages are
11 only available when an action sounds in tort. *See In re Marriage of Benge*, 151 Ariz. 219,
12 224, 726 P.2d 1088, 1093 (Ct. App. 1986) (explaining that "punitive damages may not
13 ordinarily be assessed in contract actions" but that they "may be recoverable where the
14 breach of contract constitutes a tort"); *Lerner v. Brettschneider*, 123 Ariz. 152, 156, 598 P.2d
15 515, 519 (Ct. App. 1979) ("[A]lthough punitive damages do not lie for breach of contract,
16 they are recoverable where the breach of contract constitutes a tort."). Thus, it is not clear
17 to the Court that Plaintiff can recover punitive damages on his breach of warranty claims.[3]

18    If Plaintiff cannot recover punitive damages on the relevant claims, Plaintiff cannot
19 meet the amount in controversy requirement for the exercise of federal jurisdiction. If that
20 is the case, the Court should dismiss this action so that it may be pursued in state court. *See*
21 *Torres-Fuentes v. Motorambar, Inc.*, 396 F.3d 474, 476 (1st Cir. 2005) (holding that
22 dismissal for failure to meet the amount in controversy requirement of the MMWA should

---

[3]Furthermore, Plaintiff appears to have waived any claim for punitive damages in the Retail Installment Contract and Security Agreement. (*See* Dkt. # 11 Ex. A at 12.) For this additional reason, the Court is uncertain of whether Plaintiff can maintain his claim for punitive damages. *See Ferrer Santiago v. Daimler Chrysler Corp.*, 265 F. Supp. 2d 171, 172-73 (D.P.R. 2003) (holding that the plaintiffs did not meet the $50,000 amount in controversy requirement of the MMWA because they relied on damages that were explicitly excluded by the underlying contract).

be without prejudice to the plaintiff raising the same claims in state court); *Ansari*, 145 F.3d at 1272 ("Toyota correctly concedes in its brief that Ansari is free to bring the very same causes of action, should he so desire, in state court, without fear that res judicata may bar the second filing of the same suit.") (italics omitted).

**IT IS THEREFORE ORDERED** that Plaintiff will file a memorandum with this Court either demonstrating that the jurisdictional prerequisite of 15 U.S.C. § 2310(d)(3)(B) is met or moving for voluntary dismissal so that the case may be pursued in state court. Plaintiff shall file such memorandum by **5:00 p.m. on FRIDAY, MARCH 20, 2009**. Failure to timely file a responsive memorandum will be deemed consent to dismissal of the case.

DATED this 11th day of March, 2009.

*[signature]*
G. Murray Snow
United States District Judge