WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| CHRISTOPHER JONES,               )<br>                                  )<br>       Plaintiff,                 )<br>                                  )<br>vs.                               )<br>                                  )<br>                                  )<br>GENERAL MOTORS CORP., a Delaware  )<br>Corporation; GREATER GLENDALE    )<br>AUTOMOTIVE LLC, dba J.D.         )<br>BYRIDER, an Arizona Limited Liability)<br>Company; DOES 1-100, inclusive,   )<br>                                  )<br>       Defendants.                )<br>                                  )<br>_____) | No. CV-08-2099-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion for Extension of Time to File a Memorandum of Law. (Dkt. # 26.) Because federal jurisdiction in this case is predicated on Plaintiff's invocation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d) (1998), Plaintiff is required to plead sufficient facts on the face of his complaint establishing that his claim exceeds $50,000, *id.* § 2310(d)(3)(B). Plaintiff's Complaint only seeks $17,458.40 in economic damages and unspecified consequential and incidental damages. (Dkt. # 6 at 8.)

This Court issued an order explaining why these claims are legally insufficient to establish federal jurisdiction and ordering Plaintiff to file a memorandum either voluntarily dismissing the Complaint or explaining why the Court's legal analysis is in error. (Dkt. # 25.) Plaintiff has responded with this motion for an extension of time. Were Plaintiff

1 seeking an extension of time to challenge the Court's legal analysis, the Court would be
2 inclined to grant the motion. However, Plaintiff appears to concede that the Court's legal
3 analysis is correct; Plaintiff seeks an extension of time merely "to confer with the Client and
4 obtain supporting documents" for the purpose of valuing "economic losses arising out of the
5 breach of warranty." (Dkt. # 26 at 2.) Plaintiff is thus asking this Court to maintain
6 jurisdiction over a Complaint that does not establish federal jurisdiction so that he can have
7 more time to value his losses in the speculative hope that those losses might exceed $50,000.

8 "The party asserting jurisdiction has the burden of proving all jurisdictional facts."
9 *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v.*
10 *Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Dismissal for lack of subject
11 matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails
12 to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random*
13 *Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).

14 The Court does not have jurisdiction on the face of Plaintiff's Complaint. The
15 Complaint itself provides no factual basis suggesting that any economic damages beyond
16 $17,458.40 have been incurred, and it merely asserts that Plaintiff suffered "other
17 consequential and incidental damages." (Dkt. # 6 at 8.) That is not sufficient for the Court's
18 exercise of jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir.
19 2004) ("Valdez's state court complaint falls short of even seeking the [$75,000] threshold
20 amount [for diversity jurisdiction]. The only discrete sum requested is general damages in
21 excess of $50,000.00; the complaint does not attach a dollar figure to Valdez's remaining
22 prayers for relief.") (internal quotation and ellipsis omitted). The Court will not maintain
23 jurisdiction over a case in which the Complaint concededly does not establish federal
24 jurisdiction.

25 **IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Extension of Time
26 (Dkt. # 26) is **DENIED**.

27 **IT IS FURTHER ORDERED** that Plaintiff has (30) thirty days from the date of this
28 Order to amend his Complaint if Plaintiff can establish a jurisdictional basis for it.

1 Otherwise, Plaintiff must dismiss his Complaint and bring his claims in state court, in which
2 there is no amount in controversy requirement. If Plaintiff elects to file an amended
3 complaint, Plaintiff is ordered to specifically set out the facts underlying any new damage
4 amount that is claimed.

DATED this 19th day of March, 2009.

*G. Murray Snow*
United States District Judge

- 3 -